**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

MELISSA CATAPANO, an infant by her father and natural guardian, John Catapano, and JOHN CATAPANO, Individually and DANIELLE CATAPANO, an infant by her mother and natural guardian, CHRISTINE CATAPANO and CHRISTINE CATAPANO, Individually
Plaintiffs,

v.

JIMINY PEAK MOUNTAIN RESORT, LLC and WIEGAND SPORTS, LLC,
Defendants

v.

JOHN CATAPANO
Third-Party Defendant

C.A. NO: 3:13-cv-30119-MAP

(Consolidated with Lead Case:
C.A. No. 3:13-CV-30108-KPN)

**JOINT MOTION TO AMEND SCHEDULING ORDER DEADLINES**

The Plaintiffs, Melissa Catapano, an infant and by her father and natural guardian, John Catapano, and John Catapano individually, and Danielle Catapano, an infant by her mother and natural guardian, Christine Catapano and Christine Catapano, individually, (collectively, the "Plaintiffs"), defendants Jiminy Peak Mountain Resort, LLC ("Jiminy Peak") and Wiegand Sports, LLC ("Wiegand"), and third-party defendant John Catapano (all collectively "the parties"), in this action respectfully move that this Honorable Court amend the scheduling order deadlines by ninety (90) days, including an extension of the non-expert discovery deadline from November 26, 2014, to February 26, 2015, with each subsequent scheduling order deadline to be similarly extended as detailed further below.

As grounds for this motion, the parties state the following:

1. This matter arises out of injuries sustained by Danielle and Melissa Catapano at the Jiminy Peak Mountain Resort located in Hancock, Massachusetts while riding on an Alpine Coaster manufactured by Wiegand.

2. On or about April 16, 2013, plaintiff Danielle Catapano, an infant by her mother and natural guardian, Christine Catapano, and Christine Catapano, individually, filed suit against Jiminy Peak and Wiegand in the United States District Court for the Eastern District of New York.

3. Similarly, on or about April 19, 2013, plaintiff Melissa Catapano, an infant by her father and natural guardian, John Catapano, and John Catapano, individually, filed suit against Jiminy Peak and Wiegand in the United States District Court for the Eastern District of New York.

4. On June 10, 2013, plaintiff Danielle Catapano's case was transferred to the United States District Court for the District of Massachusetts (Western Division).

5. On June 13, 2013, a Stipulation regarding the transfer of plaintiff Melissa Catapano's case to the United States District Court for the District of Massachusetts (Western Division) was entered and allowed by the court.

6. The Plaintiffs' cases have since been consolidated.

7. To date, the parties have engaged in extensive written discovery.

8. Additionally, the depositions of each of the plaintiffs Danielle, Melissa, John and Christine Catapano were completed on February 28, 2014 and March 1, 2014.

9. The first day of the deposition of Torsten Wedel, one of the rule 30(b)(6) designees of Wiegand, was completed on April 30, 2014 and the resumption of his deposition is scheduled for November 24, 2014.

10. The first day of the deposition of Jurgen Ruschke, one of the rule 30(b)(6) designees of Wiegand, was completed on July 29, 2014 and the resumption of Mr. Ruschke's deposition is presently being scheduled by the parties.

11. The deposition of Larry Hays of Wiegand was completed on October 2, 2014.

12. The depositions of David Scace and Bridget Maloney of Jiminy Peak were completed on October 14, 2014 and the deposition of Vanessa DeZess of Jiminy Peak was completed on November 3, 2014.

13. Additionally, the following Jiminy Peak witnesses are set to be deposed on the indicated dates: Jason Griffin (November 6, 2014), Brian Fairbank (November 6, 2014), Paul Maloney (November 7, 2014), James Taylor Shaw (November 13, 2014) and Brian Roden (November 18, 2014).

14. The parties are presently working to schedule the deposition of former Jiminy Peak employee Alex Belanger.

15. The Plaintiffs have also indicated an intention to take the additional depositions of witnesses from Wiegand, including Stefan Eberhardt, Hugo Detig, Wolfgang Hinze and Hendrik Wiegand. The parties have been meeting and conferring regarding issues related to these proposed depositions.

16. Jiminy Peak also intends to notice the depositions of certain third-party witnesses in this matter and counsel for Wiegand and the Plaintiffs have previously indicated a similar intention to depose such third-party witnesses.

17. The parties have stipulated that the limit on the number of fact witness depositions shall be revised from ten to thirty exclusive of Keeper of Records depositions (which shall not be limited).

18. The parties have been diligently working to schedule and complete all necessary depositions in this matter within the scheduling order deadlines. However, due to the number of parties in this matter, conflicts with witness and/or attorney schedules, and the upcoming holidays, the parties require additional time to complete all depositions in this matter.

19. In order to adequately prepare for the anticipated but not yet noticed depositions, the parties will require additional time to review and analyze the voluminous discovery material exchanged to date by and between the parties.

20. The parties will also require additional time to prepare for and analyze the deposition testimony developed in discovery to assess potential dispositive motions and, as such, the parties also request additional time at the completion of all depositions to review all relevant material and transcripts prior to the expiration of the deadline to file motions for summary judgment.

21. Given all of the above, the parties request that the non-expert discovery deadline be extended by ninety (90) days to February 26, 2015 and that each subsequent scheduling order deadline be similarly extended, resulting in a schedule order that roughly is as follows:

Plaintiffs' Expert Designation and Disclosure by: **March 31, 2015**

Defendants' Expert Designation and Disclosure and IMEs by: **April 30, 2015**

Expert Depositions Completed by: **June 15, 2015**

Defendants' Motions for Summary Judgment filed by: **July 31, 2015**

Plaintiffs' Opposition and Cross-Motions for Summary Judgment filed by: **Aug. 31, 2015**

22. The allowance of this motion will serve the interests of justice and judicial economy, insofar as no party will be prejudiced, and by allowing the parties to obtain information which they reasonably require to assess the parties' claims, prepare for trial, and to narrow the areas of dispute for trial.

23. This is the first request for any amendment of the scheduling order deadlines by any of the parties in this matter.

WHEREFORE, the parties request that the scheduling order be amended in this matter to permit the parties to conduct non-expert discovery until February 26, 2015 and that the subsequent scheduling order deadlines be similarly amended as reflected above.

**DANIELLE CATAPANO and CHRISTINE CATAPANO**,

By their attorney,

*/s/ Andres F. Alonso*

Andres F. Alonso, Esq.
Alonso Krangle, LLP
445 Broadhollow Road, Suite 205
Melville, NY 11747
(516)350.5555
aalonso@alonsokrangle.com

**MELISSA CATAPANO and JOHN CATAPANO**,

By their attorney,

*/s/ Martin Grossman*_____

Martin Grossman, Esq.
Robert A. Cardali & Assoc., LLP
30 Broadway, 35th Floor
New York, NY 10006
(212)964.3855
mgrossman@cardali.com

**JIMINY PEAK MOUNTAIN RESORT, LLC**

By its attorneys,

_*/s/ Matthew D. Sweet*____________________

Richard J. Shea, Esq.
Jennifer B. Hardy, Esq.
Matthew D. Sweet, Esq.
Hamel, Marcin, Dunn, Reardon & Shea, P.C.
24 Federal Street, 11th Floor
Boston, Massachusetts 02110
Telephone: (617) 482-0007
Facsimile: (617) 451-7866
rshea@hmdrslaw.com
jhardy@hmdrslaw.com
msweet@hmdrslaw.com

**WIEGAND SPORTS, LLC**

By its attorneys,

__*/s/ Michael D. Shalhoub*____________

Frank J. Ciano, Esq.
Vacharaesorn Vivacharawongse, Esq.
Michael D. Shalhoub
Goldberg Segalla LLP
11 Martine Ave., Suite 750
White Plains, NY 10606
(914)798.5400

___*/s/ Jeffrey Poindexter*_______________
Jeffrey E. Poindexter, Esq.
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700 | P.O. Box 15507
Springfield, MA 01115-5507
jpoindexter@bulkley.com

**JOHN CATAPANO**

By his attorney,

___*/s/ Douglas Price*__________
Mark Segalini, Esq.
Douglas Price, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439.7500
msegalini@morrisonmahoney.com
dprice@morrisonmahoney.com

**CERTIFICATE OF SERVICE**

I, Richard J. Shea, hereby certify that I have served this document on all counsel of record via first class mail and that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Richard J. Shea
Richard J. Shea

Dated: November 6, 2013