UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

---

MELISSA CATAPANO, an infant by her father and natural guardian, John Catapano, and JOHN CATAPANO, Individually and DANIELLE CATAPANO, an infant by her mother and natural guardian, CHRISTINE CATAPANO and CHRISTINE CATAPANO, individually,

    Plaintiffs,

vs.

JIMINY PEAK MOUNTAIN RESORT, LLC and WIEGAND SPORTS, LLC,

    Defendant.

C.A. NO.: 3:13-cv-30119-MAP

{Consolidated with Lead Case: C.A. No. 3:13-CV-30108-KPN}

---

## DEFENDANT WIEGAND SPORT, LLC'S BRIEF IN REPLY IN FURTHER SUPPORT OF ITS MOTION SUMMARY JUDGMENT AS TO ITS CROSS-CLAIMS AGAINST DEFENDANT JIMINY PEAK MOUNTAIN RESORT, LLC

Defendant, WIEGAND SPORTS, LLC (hereinafter "Wiegand"), by and through undersigned counsel, hereby submits its brief in reply in further support of its motion for summary judgment as to its cross-claims against defendant JIMINY PEAK MOUNTAIN RESORT, LLC [DE68] and in response to defendant JIMINY PEAK MOUNTAIN RESORT, LLC'S ("Jiminy Peak") opposition to the same [DE73], and states the following:

### SUMMARY

Defendant Jiminy Peak opposes Wiegand's motion for summary judgment, arguing that there are only limited circumstances where Jiminy Peak would be required to

indemnify Wiegand, and that such a circumstance requires several conditions to be concurrently present, including the finding of gross negligence on the part of Jiminy Peak. *See* DE 74 at pp. 3-4. However, contrary to Jiminy Peak's erroneous interpretation of the simply worded contract, not all of the 5 conditions outlined by Jiminy Peak in its opposition must be present. Indeed, as outlined in Wiegand's memorandum, Jiminy Peak is required to indemnify Wiegand only with the finding that Wiegand sustained losses as a result of Jiminy Peak's failure to comply with applicable law and upon the finding that Jiminy Peak breached a covenant contained in the Contract.

Furthermore, contrary to Jiminy Peak's assertion that some of the damages sustained by Wiegand could have arisen from Wiegand's own negligence, breach of warranty or liability for its products (*see* DE 74 at pp. 9-10), there has been no discovery (fact or expert) developed throughout the life of this case to support that Wiegand is in any way liable.

Jiminy Peak's opposition failed to raise any issues of material facts that would prevent this Honorable Court from granting Wiegand's motion for summary judgment. As the pleadings, depositions, and written discovery all indicate that there is no genuine issue of material fact that Wiegand is entitled to summary judgment on its cross-claims, it would be proper for this Honorable Court to grant Wiegand's motion for summary judgment.

**ARGUMENTS IN REPLY**

I. **CONTRARY TO JIMINY PEAK'S ASSERTION, NOT ALL FIVE (5) CONDITIONS MUST BE MET TO TRIGGER JIMINY PEAK'S INDEMNITY OBLIGATIONS**

Jiminy Peak contends that, in order for it to have to indemnify Wiegand, there must be a determination that: (1) Jiminy Peak breached a covenant contained in the contract; **and** (2) that the breach was caused by Jiminy Peak's gross negligence; **and** (3) that in the event that the breach stemmed from Jiminy Peak's operation or maintenance of the ride, Jiminy Peak did not conform to the specifications or recommendations of Wiegand; **and** (4) that Jiminy Peak did not comply with applicable laws; **and** (5) that Wiegand's loss was readily quantifiable. *See* DE 74 at pp. 3-4. In presenting the overly convoluted analysis of Section 12(A)(2) of the Contract, Jiminy Peak hopes to muddle the water, and interject the gross negligence standard in to what is a simpler analysis.

As an initial matter it can be ready observed that the operative conjunction in the plain language of Section 12(A)(2) itself is the word "or" which presents the introduction of an alternative item or idea. The Section states:

> (2) [Jiminy Peak] agrees to protect, indemnify, defend and hold [Wiegand] harmless from and against any and all losses of [Wiegand] arising out of or sustained, in each case, directly or indirectly, from **any breach of representation, covenant of [Jiminy Peak] made herein or any default by [Jiminy Peak] hereunder,** including without limitation, **from defective/bad maintenance and/or operation of the Alpine Coaster caused by [Jiminy Peak]'s gross negligence or willful misconduct, (except to the extent such maintenance and/or operation was in conformity with [Wiegand]'s operation and maintenance specifications or recommendations), or non-compliance with applicable law.** [Jiminy Peak] shall not be liable for any consequential, special, incidental, exemplary, or punitive damages or any claim for lost business or lost business opportunities.

In carefully reading this section, it is apparent that there can be several instances when Jiminy Peak's indemnity obligations can be triggered. Not all of these instances require a finding of gross negligence on the behalf of Jiminy Peak. Any of these instances, on its own, is sufficient to trigger the indemnity obligation on behalf of Jiminy

Peak. Wiegand contends that Jiminy Peak was indeed non-compliant with applicable Massachusetts Code of Regulations, resulting in losses to Wiegand. Wiegand also contends that Jiminy Peak's breach of its obligations under Section 8(i) of the Contract regarding rider safety also resulted in losses to Wiegand. Either ground, in and of itself, would be sufficient to trigger the indemnity obligation of Jiminy Peak pursuant to the terms of the Contract, and do not require the explicit finding of gross negligence by Jiminy Peak to be triggered.

As outlined in Wiegand's memorandum in support of its motion for summary judgment [DE 69 at pp. 10-16], an abundance of evidence uncovered during the discovery of this matter support the position that Jiminy Peak's non-compliance of applicable laws caused the Plaintiff's accident, and triggered the indemnity provision. The uncontested expert reports of Jacob Fisher and Eugenia Kennedy (*see* **Exhibits N and O** of DE 70) further support this position. Jiminy Peak deemed these expert opinions as "bare assertions" and "conclusory statements" that are unsupported by the facts, however, Jiminy Peaked failed to challenge these opinions or to introduce its own expert opinions to rebut these opinions.

The factual evidence cited by Jiminy Peak in its opposition do not create an issue of fact as to Jiminy Peak's failure to comply with the applicable laws. They do not contradict the facts as cited by Wiegand or considered by Dr. Fisher or Dr. Kennedy. The fact still remains that, at the end of the day, Jiminy Peak and its employees failed to comply with applicable safety laws, and failed to prevent the Plaintiff's injuries despite the strict level of requisite vigilance and control demanded by the applicable laws. In

failing to comply with these applicable laws, Jiminy Peak triggered the indemnity provision in Section 12, and no further analysis or elements are further required.

II. **THERE IS NO EVIDENCE TO SUPPORT THE CONTENTION THAT WIEGAND CAUSED ANY OF THE LOSSES IT SUSTAINED**

Jiminy Peak contends that it is only liable to Wiegand for Wiegand's losses arising out of Jiminy Peak's conduct, and asserts that Plaintiffs did also make negligence, product liability, and breach of merchantability claims against Wiegand. *See* DE 74 at pp. 9-10. Jiminy Peak also argues that some of the damages sustained by Wiegand could have arisen from Wiegand's own negligence, breach of warranty or liability for its products. *See* DE 74 at p. 10.

As outlined thoroughly in Wiegand's memorandum, no fact or expert opinion evidence exist in the record of this matter to support that Wiegand was in any way liable to the Plaintiffs. *See* DE 69 at pp. 19-21. At the close of discovery, neither Plaintiffs nor Jiminy Peak presented the requisite expert opinion evidence to support any of the negligence, merchantability or product liability claims against Wiegand. As such, no party will be able to prove that any alleged defect in the ride caused the Plaintiffs' injuries and the subsequent losses sustained by Jiminy Peak and Wiegand. Without proof of Wiegand's wrongful act there is no evidence to support Jiminy Peak's contention that Wiegand could have caused its own losses.

## CONCLUSION

In light of all the foregoing, there exists no genuine issue of material fact. The facts, testimony and evidence developed to date all support the foregoing contentions that

5

Defendant WIEGAND SPORTS, LLC is entitled to indemnification. As such, defendant WIEGAND SPORTS, LLC is entitled to judgment as a matter of law on its cross-claims and it would be proper for this Honorable Court to grant the defendant's Motion for Summary Judgment.

Dated: White Plains, New York
       November 16, 2015

Respectfully submitted,

GOLDBERG SEGALLA, LLP

/s/ Frank J. Ciano
By: Frank J. Ciano
Admitted *pro hac vice*
***Attorneys for Defendant***
***Wiegand Sports, LLC***
11 Martine Avenue, Suite 750
White Plains, NY 10601-1717
Telephone: (914) 798-5400
Email: fciano@goldbergsegalla.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic filing with the Clerk of the Court using CM/ECF on this 16th day of November, 2015, on all counsel or parties of record as identified on the Notice of Electronic Filing (NEF).

/s/ Frank J. Ciano
By: Frank J. Ciano