**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS, WESTERN DIVISION**

MELISSA CATAPANO, an infant by her
father and natural guardian, John Catapano, and
JOHN CATAPANO, Individually and DANIELLE
CATAPANO, an infant by her mother and natural
guardian, CHRISTINE CATAPANO and CHRISTINE
CATAPANO, Individually
      Plaintiffs,                                          C.A. NO: 3:13-cv-30119-MAP
v.

**PARTIES' JOINT PRETRIAL MEMORANDUM**

JIMINY PEAK MOUNTAIN RESORT, LLC,

      Defendant.

**JOINT PRETRIAL MEMORANDUM**

The following is the parties' joint pretrial memorandum in accordance with the Court's PROCEDURAL ORDER RE: TRIAL, dated April 11, 2017.

1. **A concise summary of the evidence that will be offered**:

    By Jiminy Peak:

    Jiminy Peak expects the evidence to show that it is entitled to $1.3 million from Wiegand based on Wiegand's defense and indemnity obligation to Jiminy Peak. This $1.3 million is reflects the total Purchase Price (as defined by the Consulting, Purchase, Delivery, and Inspection Contract between Jiminy Peak and Wiegand dated December 2, 2006).

    Jiminy Peaks expects that evidence to show that the costs and fees incurred by Wiegand are unreasonable as a matter of Massachusetts law. Jiminy Peak also expects the evidence to show that Wiegand is only entitled to legal fees incurred in defending the underlying litigation and per the Court's order is only entitled to legal fees incurred from the triggering event of the settlement with the plaintiffs to present.

    By Wiegand:

    Wiegand expects to demonstrate that Jiminy Peak will be unable to substantiate the claim that it incurred significant Additional Expenses as defined by Sections 8(a), (b), (g), (h), and (j)of the Consulting, Purchase, Delivery, Assembly, and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2006.

Wiegand expects to demonstrate that it is entitled to indemnification of its complete legal fees, expert fees, costs and expense incurred from the inception of this matter to the present.

Wiegand will demonstrate that the attorney's fees it incurred, and paid by Navigators Insurance Company, were reasonable and necessary.

2. **The facts established by Pleadings or by Stipulations or Admissions of counsel;**

   1. Wiegand and Jiminy Peak settled the minor Plaintiffs claims, with each party paying 50% of the settlement.

   2. Pursuant to Section 1(d) of the Consulting, Purchase, Delivery, Assembly, and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2006, the Project Price was defined as the amount of $649,571.00.

   3. Pursuant to Section 12 B of the Consulting, Purchase, Delivery, Assembly, and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2006, the maximum amount that Jiminy Peak may recover from Wiegand is capped at the Project Price of $649,571.00 plus Additional Expenses as defined by Sections 8(a), (b), (g), (h), and (j).

3. **Contested issues of fact:**

   - What was the total Purchase Price by Jiminy Peak for the purchase of the Mountain Coaster? Specifically, beyond the Project Price of $649,571.00, what is the amount of Additional Expenses as defined by Sections 8(a), (b), (g), (h), and (j)of the Consulting, Purchase, Delivery, Assembly, and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2006 that Jiminy Peak can demonstrate that it incurred?

   - Are Wiegand's legal fees and costs reasonable?

4. **Any jurisdictional questions;**

   None

5. **Any questions raised by pending motions;**

   The parties have drafted and filed motions in limine and oppositions thereto.  The parties do not have any outstanding questions not raised in those motions.

6. **Issues of law, including evidentiary questions, together with supporting authority;**

   None.

7. **Any requested amendments to the pleadings;**

None.

8. **Any additional matters to aid in the disposition of the action;**

    None.

9. **The probable length of the trial;**

    2 days total (1 day for jury selection and 1 day for trial).

10. **The names, addresses and telephone numbers of witnesses that may be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition;**

    PAUL C. MALONEY (Jiminy Peak VP & Chief Oper. Officer), 37 Corey Rd., Hancock, MA 01237

    BRIAN FAIRBANK., (Chairman), 37 Corey Rd., Hancock, MA 01237

    TORSTEN WEDEL, (U.S. Division Manager), Wiegand Sports GmbH, 628 Hilltop Dr, Stevensville, MT 59870

    REPRESENTATIVE OF NAVIGATORS INSURANCE COMPANY, 1375 E. Woodfield Road, Suite 720, Schaumburg, IL 60173

    REPRESENTATIVE OF STUART MAUE LITIGAITON COST MANAGEMENT, 3840 McKelvey Rd, Bridgeton, MO 63044

    VACHARAESORN VIVACHARAWONGSE, Goldberg Segalla LLP, 11 Martine Ave., Suite 750, White Plains, NY 10606

11. **The proposed exhibits;**

    1. Consulting, Purchase, Delivery, Assembly, and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2006.

    2. Invoices for attorney's fees, expert fees, and other costs and expenses incurred by Wiegand and paid by Navigators Insurance Company

    3. Invoices generated by Wiegand and billed to Jiminy Peak in connection with the Consulting, Purchase, Delivery, Assembly, and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2006.

    4. Releases and Settlement Agreements with the Plaintiffs in the underlying matter.

    5. Proofs of payment by Wiegand and Jiminy Peak of the settlement funds to the Plaintiff.

| | |
|---|---|
| Respectfully submitted,<br><br>**WIEGAND SPORTS, LLC**<br><br>By its attorneys,<br><br>/s/ Vacharaesorn Vivacharawongse<br>_____<br>Frank J. Ciano, Esq.<br>Vacharaesorn Vivacharawongse, Esq.<br>Michael D. Shalhoub<br>Goldberg Segalla LLP<br>11 Martine Ave., Suite 750<br>White Plains, NY 10606<br>(914)798.5400<br><br><br>Dated: May 5, 2017 | **JIMINY PEAK MOUNTAIN RESORT, LLC,**<br><br>By its attorneys,<br><br>/s/ Matthew D. Sweet<br>_____<br>Richard J. Shea (BBO: #456310)<br>Matthew D. Sweet (BBO: #676083)<br>Matthew F. Renna (BBO: #691589)<br>Hamel, Marcin, Dunn, Reardon & Shea, P.C.<br>24 Federal Street, 11th Floor<br>Boston, Massachusetts 02110<br>Telephone:  (617) 482-0007<br>Facsimile:  (617) 451-7866<br>rshea@hmdrslaw.com<br>msweet@hmdrslaw.com<br>mrenna@hmdrslaw.com |

## **CERTIFICATE OF SERVICE**

I, Matthew D. Sweet, hereby certify that I have served this document on all counsel of record via the ECF system and that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Matthew D. Sweet
Matthew D. Sweet

Dated: May 5, 2017